**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Wisconsin Voters Alliance, et al.,                                    Case No. 20-3791 JEB

                    Plaintiffs,

v.

                                                          **SECOND DECLARATION OF**
Vice President Michael Richard Pence, et al.,             **ERICK G. KAARDAL**

                    Defendants.

I, Erick G. Kaardal, being duly sworn, declares as follows:

1.      I have personal knowledge of the following.

2.      I am an attorney for the Plaintiffs.

3.      Attached are the following documents:

| | Name of Document | Appx Page |
|---|---|---|
| | Declaration of Lynn Kozlowski Stone | 1537 |
| | Declaration of Baron Benham | 1539 |
| | Declaration of Warren Petersen | 1542 |
| | Declaration of John Wood | 1544 |
| | Declaration of Debi Haas | 1546 |
| | Declaration of Brenda Savage | 1550 |
| | Declaration of Daire Rendon | 1552 |
| | Declaration of Matt Maddock | 1554 |
| | Declaration of Matthew Dadich | 1556 |
| | Declaration of Leah Hoopes | 1558 |
| | Declaration of Ron Heuer | 1560 |
| | Declaration of Debbie Jacques (I) | 1562 |
| | Declaration of Richard Kucksdorf | 1564 |
| | Declaration of Debbie Jacques (II) | 1566 |
| | Declaration of David Steffen | 1567 |
| | Declaration of Jeff Mursau | 1568 |

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated: December 22, 2020                    _/s/ Erick G. Kaardal_
Hennepin County                             Erick G. Kaardal
State of Minnesota

## DECLARATION

I, Lynn C Kozlowski-Stone, being duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College. I am a voter in Arizona. I voted in the November 3, 2020 election for President and Vice President.

2.      I have personal knowledge of the following.

3.      I demanded through the Arizona Election Integrity Forum that the state legislature meet to vote for post-election certification of the Presidential Electors. If the state legislature does not do so, the Presidential electors cannot be counted. The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15. There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

6.      Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done in A.R.S. § 16-212 (B) delegating certification powers to the Arizona Secretary of State. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials. If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate," not the word "direct," in it. Therefore, the Governor and state legislature should interpret A.R.S. § 16-212 (B) as unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.      If the state legislature does vote affirmatively for post-election certification of the Presidential electors, the Presidential electors cannot be counted.

8.      I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2020

*Lynn C Kozlowski Stone*

Lynn C. Kozlowski Stone
10410 E Prince Rd.
Tucson, AZ 85749

DECLARATION

I, Baron Benham, being duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.  I am a voter in Arizona.  I voted in the November 3, 2020 election for President and Vice President.

2.      I have personal knowledge of the following.

3.      I demanded through the Arizona Election Integrity Alliance that the state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

Governor Doug Ducey

Speaker Russell Bowers
Arizona House of Representatives

Senate Majority Leader Karen Fann
Arizona Senate

Dear Governor and state legislative leaders:

I am a Member of the Arizona Election Integrity Alliance.   I am writing to you on behalf of our members who voted in the November 3, 2020 Presidential election.  We demand that the state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

We are seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done in A.R.S. § 16-212 (B)  delegating certification powers to the Arizona Secretary of State.  The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

it.  Therefore, the Governor and state legislature should interpret A.R.S. § 16-212 (B) as unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

   If you do not respond to this letter by December 14, 2020, we intend to proceed with a lawsuit to delineate these constitutional duties and responsibilities for the November 3, 2020, and future elections.

Sincerely,

Baron Benham
Member
Arizona Election Integrity Alliance

DECLARATION

I, **warren petersen**_____, being duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College. I am a voter in Arizona. I voted in the November 3, 2020 election for President and Vice President. [If applicable: I am also a state legislator in the Arizona **House**_____.]

2.      I have personal knowledge of the following.

3.      I demanded through the Arizona Election Integrity Forum that the state legislature meet to vote for post-election certification of the Presidential Electors. If the state legislature does not do so, the Presidential electors cannot be counted. The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15. There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

I APP. 1542

state legislature should interpret 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

6.      Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done in A.R.S. § 16-212 (B) delegating certification powers to the Arizona Secretary of State.  The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it.  Therefore, the Governor and state legislature should interpret A.R.S. § 16-212 (B) as unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.      If the state legislature does vote affirmatively for post-election certification of the Presidential electors, the Presidential electors cannot be counted.

8.      I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: December ___, 2020                    *Warren Petersen*

DECLARATION

I, John Wood, being duly sworn, declares as follows:

1.       I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.  I am a voter in Georgia.  I voted in the November 3, 2020 election for President and Vice President.

2.       I have personal knowledge of the following.

3.       I am President of the Georgia Voters Alliance. We believe that the state legislature is required to meet to vote for post-election certification of the Presidential votes and of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.       I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.       Under Article II of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret  3

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

6.    Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done in Ga. Code § 21-2-499 (B) delegating certification to the Georgia Secretary of State and Governor.  Article II, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials.  If Article II wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it.  Therefore, the Governor and state legislature should interpret Ga. Code § 21-2-499 (B) as an unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.    Under these laws, even if the state legislature did vote affirmatively for post-election certification of the Presidential electors, the Presidential electors will not be counted based on that certification if it differs from the Governor's certification.

8.    I am, therefore, injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by to the Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ John Wood

Dated: December 22, 2020    _____

DECLARATION

I, Debi Haas, being duly sworn, declare as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.  I am a voter in Michigan.  I voted in the November 3, 2020 election for President and Vice President.

2.      I have personal knowledge of the following:

3.      I demanded through the Election Integrity Fund that the Michigan state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as

---

1

    □ Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

6.     Analogously, under the Electors Clause, the state legislatures lack legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done with delegating under M.C.L.A.  § 168.46 certification power to the Michigan State Board of Canvassers and Governor. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential electors, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it.  Therefore, the Governor and state legislature should interpret M.C.L.A.  § 168.46 as unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.     If the state legislature does vote affirmatively for post-election certification of the Presidential electors, the Presidential electors cannot be counted.

8.     I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2020          Debi Haas
                                  President of Election Integrity Fund
                                  5530 Rivers Edge Drive
                                  Commerce, MI  48382

Governor Gretchen Whitmer

Speaker Lee Chatfield
Michigan House of Representatives

Senate Majority Leader Mike Shirkey
Michigan Senate

Dear Governor and state legislative leaders:

I, Debi Haas, am the President of Election Integrity Fund.  I am writing to you on behalf of our Michigan members who voted in the November 3, 2020 Presidential election. We demand that the state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

We are seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

Analogously, under the Electors Clause, the state legislatures lack legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done with delegating under M.C.L.A. § 168.46 certification power to the Michigan State Board of Canvassers and Governor. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential electors, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it.  Therefore, the

---

1

☐ Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

Governor and state legislature should interpret M.C.L.A. § 168.46 as unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

If you do not respond to this letter by December 14, 2020, we intend to proceed with a lawsuit to delineate these constitutional duties and responsibilities for the November 3, 2020, and future elections.

Sincerely,

Debi Haas
President of Election Integrity Fund
810-499-9895
Debihaas56@gmail.com

Governor Gretchen Whitmer

Speaker Lee Chatfield
Michigan House of Representatives

Senate Majority Leader Mike Shirkey
Michigan Senate

Dear Governor and state legislative leaders:

I, Brenda Savage, am the Vice President of Communication of Election Integrity Fund. I am writing to you on behalf of our Michigan members who voted in the November 3, 2020 Presidential election. We demand that the state legislature meet to vote for post-election certification of the Presidential Electors. If the state legislature does not do so, the Presidential electors cannot be counted. The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

We are seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15. There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

Analogously, under the Electors Clause, the state legislatures lack legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done with delegating under M.C.L.A. § 168.46 certification power to the Michigan State Board of Canvassers and Governor. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential electors, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state

---

[1]

Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

executive branch officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it.  Therefore, the

Governor and state legislature should interpret M.C.L.A.  § 168.46 as unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

If you do not respond to this letter by December 14, 2020, we intend to proceed with a lawsuit to delineate these constitutional duties and responsibilities for the November 3, 2020, and future elections.

Sincerely,

*Brenda Savage*

Brenda Savage
V.P. Communication
Election Integrity Fund
248-410-7386
electionintegrityfund.org

DECLARATION

I, Daire Rendon, being duly sworn, declares as follows:

1.     I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.  I am a voter in Michigan.  I voted in the November 3, 2020 election for President and Vice President.

2.     I am also a state legislator in the Michigan 103rd District.

3.     I have personal knowledge of the following.

4.     I demanded through the Election Integrity Fund that the Michigan state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

5.     I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

6.     Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as

unconstitutional interference with the state legislative prerogatives guaranteed by the

Constitution.

7.      Analogously, under the Electors Clause, the state legislatures lacks legal

authority to enact state laws which are a perpetual and wholesale delegation of post-election

certification to state executive branch officials—as it has done with delegating under

M.C.L.A.  § 168.46 certification power to the Michigan State Board of Canvassers and

Governor. The Electors Clause, and its non-delegation doctrine, left it to the state

legislatures to "direct" post-election certification of Presidential elector, not to "delegate"

post-election certification, perpetually and in a wholesale fashion, to state executive branch

officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the

word "delegate, not the word "direct," in it.  Therefore, the Governor and state legislature

should interpret M.C.L.A.  § 168.46 as unconstitutional delegation of the state legislative

prerogative of post-election certification of Presidential voters.

8.      If the state legislature does vote affirmatively for post-election certification of

the Presidential electors, the Presidential electors cannot be counted.

9.      I will, therefore, be injured as a voter because my vote and others' votes are

not being counted and certified by the state legislature as required by the Constitution.

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Dated: December 15, 2020

_____

DECLARATION

I, Matt Maddock, being duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.  I am a voter in Michigan.  I voted in the November 3, 2020 election for President and Vice President.

2.      I am also a state legislator in the Michigan 44th District.

3.      I have personal knowledge of the following.

4.      I demanded through the Election Integrity Fund that the Michigan state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

5.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

6.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1]  Therefore, the Governor and

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as

unconstitutional interference with the state legislative prerogatives guaranteed by the

Constitution.

       7.     Analogously, under the Electors Clause, the state legislatures lacks legal

authority to enact state laws which are a perpetual and wholesale delegation of post-election

certification to state executive branch officials—as it has done with delegating under

M.C.L.A.  § 168.46 certification power to the Michigan State Board of Canvassers and

Governor. The Electors Clause, and its non-delegation doctrine, left it to the state

legislatures to "direct" post-election certification of Presidential elector, not to "delegate"

post-election certification, perpetually and in a wholesale fashion, to state executive branch

officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the

word "delegate, not the word "direct," in it.  Therefore, the Governor and state legislature

should interpret M.C.L.A.  § 168.46 as unconstitutional delegation of the state legislative

prerogative of post-election certification of Presidential voters.

       8.     If the state legislature does vote affirmatively for post-election certification of

the Presidential electors, the Presidential electors cannot be counted.

       9.     I will, therefore, be injured as a voter because my vote and others' votes are

not being counted and certified by the state legislature as required by the Constitution.

      I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Dated: December 15, 2020                _____

DECLARATION

I, Matthew Dodich, being duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College. I am a voter in Pennsylvania. I voted in the November 3, 2020 election for President and Vice President.

2.      I have personal knowledge of the following.

3.      I have demanded through the Pennsylvania Voters Alliance that the state legislature meet to vote for post-election certification of the Presidential Electors. If the state legislature does not do so, the Presidential electors cannot be counted. The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15. There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and state legislature should interpret 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

_____

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

6.       Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done with 25 P.S. § 3166 delegating certification to the Secretary of Commonwealth and Governor. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials. If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it. Therefore, the Governor and state legislature should interpret 25 P.S. § 3166 as an unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.       If the state legislature does vote affirmatively for post-election certification of the Presidential electors, the Presidential electors cannot be counted.

8.       I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2020

DECLARATION

I, Leah Hoopes, being duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.  I am a voter in Pennsylvania.  I voted in the November 3, 2020 election for President and Vice President.  applicable:

-

2.      I have personal knowledge of the following.

3.      I have demanded through the Pennsylvania Voters Alliance that the state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.   There are textual and structural arguments for these federal statutes being unconstitutional.[1]  Therefore, the Governor and

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as

unconstitutional interference with the state legislative prerogatives guaranteed by the

Constitution.

      6.     Analogously, under the Electors Clause, the state legislatures lacks legal

authority to enact state laws which are a perpetual and wholesale delegation of post-election

certification to state executive branch officials—as it has done with 25 P.S. § 3166 delegating

certification to the Secretary of Commonwealth and Governor.  The Electors Clause, and its

non-delegation doctrine, left it to the state legislatures to "direct" post-election certification

of Presidential elector, not to "delegate" post-election certification, perpetually and in a

wholesale fashion, to state executive branch officials.  If the Electors Clause wanted

"delegation," the Electors Clause would have the word "delegate, not the word "direct," in

it.  Therefore, the Governor and state legislature should interpret 25 P.S. § 3166 as an

unconstitutional delegation of the state legislative prerogative of post-election certification of

Presidential voters.

      7.     If the state legislature does vote affirmatively for post-election certification of

the Presidential electors, the Presidential electors cannot be counted.

      8.     I will, therefore, be injured as a voter because my vote and others' votes are

not being counted and certified by the state legislature as required by the Constitution.

     I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Dated: December 13th,2020 2020

*[signature: Leah Hoopes]*

Verified by PDFFiller
12/13/2020

DECLARATION

I, Ronald H. Heuer, residing at E3530 Townline Road, Kewaunee, WI 54216, being

duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit

regarding the Electoral College.  I am a voter in Wisconsin.  I voted in the November 3,

2020 election for Vice President.

2.      I have personal knowledge of the following.

3.      I have demanded through the Wisconsin Voters Alliance that the state

legislature meet to vote for post-election certification of the Presidential Electors.  If the

state legislature does not do so, the Presidential electors cannot be counted.  The Electors

Clause of Article II of the Constitution requires state legislative post-election certification of

the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election

certification of Presidential electors and counting of their votes for the November 3, 2020

Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the

United States Constitution, Congress lacks legal authority to enact laws interfering with the

state-by-state state legislative post-election certification of Presidential electors as it has done

with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.  There are textual and structural

arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793
(2002).

state legislature should interpret  3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

6.      Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done in Wis. Stat.  § 7.70 (5) (b) by delegating certification to the Wisconsin Elections Commission. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it.  Therefore, the Governor and state legislature should interpret Wis. Stat.  § 7.70 (5) (b)  as an unconsitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.      If the state legislature does vote affirmatively for post-election certification of the Presidential electors, the Presidential electors cannot be counted.

8.      I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2020

Ronald H. Heuer

I, Debbie Jacques, residing at 1839 S Oneida Street, Green Bay, WI 54304, being duly
sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit
regarding the Electoral College.  I am a voter in Wisconsin.  I voted in the November
3, 2020 election for Vice President.  I am a concerned citizen.

2.      I have personal knowledge of the following.

3.      I have demanded through the Wisconsin Voters Alliance that the state
legislature meet to vote for post-election certification of the Presidential Electors.  If
the state legislature does not do so, the Presidential electors cannot be counted.  The
Electors Clause of Article II of the Constitution requires state legislative post-
election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election
certification of Presidential electors and counting of their votes for the November 3,
2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the
United States Constitution, Congress lacks legal authority to enact laws interfering
with the state by state state legislative post-election certification of Presidential
electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.
There are textual and structural arguments for these federal statutes being
unconstitutional.[1]  Therefore, the Governor and state legislature should interpret  3
U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with
the state legislative prerogatives guaranteed by the Constitution.

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793
(2002).

6.　　Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done in Wis. Stat. § 7.70 (5) (b) by delegating certification to the Wisconsin Elections Commission. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials. If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it. Therefore, the Governor and state legislature should interpret Wis. Stat. § 7.70 (5) (b) as an unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.　　If the state legislature does vote affirmatively for post-election certification of the Presidential electors, the Presidential electors cannot be counted.

8.　　I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2020

Debbie Jacques

## DECLARATION

I, Richard W. Kucksdorf, residing at W2289 Church Drive, Bonduel, WI 54107, being duly sworn, declares as follows:

1.      I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.  I am a voter in Wisconsin.  I voted in the November 3, 2020 election for Vice President.

2.      I have personal knowledge of the following.

3.      I have demanded through the Wisconsin Voters Alliance that the state legislature meet to vote for post-election certification of the Presidential Electors.  If the state legislature does not do so, the Presidential electors cannot be counted.  The Electors Clause of Article II of the Constitution requires state legislative post-election certification of the Presidential electors for their vote to count.

4.      I am seeking a constitutionally-compliant process for post-election certification of Presidential electors and counting of their votes for the November 3, 2020 Presidential election and future elections.

5.      Under the Electors Clause of Article II and the Twelfth Amendment of the United States Constitution, Congress lacks legal authority to enact laws interfering with the state-by-state state legislative post-election certification of Presidential electors as it has done with 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15.  There are textual and structural arguments for these federal statutes being unconstitutional.[1] Therefore, the Governor and

---

[1] Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1696-1793 (2002).

state legislature should interpret 3 U.S.C. §§ 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 as unconstitutional interference with the state legislative prerogatives guaranteed by the Constitution.

6.      Analogously, under the Electors Clause, the state legislatures lacks legal authority to enact state laws which are a perpetual and wholesale delegation of post-election certification to state executive branch officials—as it has done in Wis. Stat. § 7.70 (5) (b) by delegating certification to the Wisconsin Elections Commission. The Electors Clause, and its non-delegation doctrine, left it to the state legislatures to "direct" post-election certification of Presidential elector, not to "delegate" post-election certification, perpetually and in a wholesale fashion, to state executive branch officials.  If the Electors Clause wanted "delegation," the Electors Clause would have the word "delegate, not the word "direct," in it.  Therefore, the Governor and state legislature should interpret Wis. Stat. § 7.70 (5) (b)  as an unconstitutional delegation of the state legislative prerogative of post-election certification of Presidential voters.

7.      If the state legislature does vote affirmatively for post-election certification of the Presidential electors, the Presidential electors cannot be counted.

8.      I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution!

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2020

Richard W. Kucksdorf

DECLARATION

I, Debbie Jacques, residing at 1839 Soul Oneida Street, Green Bay, WI being duly sworn,
declares as follows:

I am a plaintiff in the US District Court for the district of Columbia lawsuit regarding the
Electoral College.

I am a voter in Wisconsin. I voted in the November 3rd general election, and the Presidential
electors should not be counted. I will be injured as a voter because my vote and others' votes
relating to the November 3rd 2020 presidential election were not properly, legally and/equally
obtained, counted and/ or certified.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Dated: December 14, 2020

Debbie Jacques
Concerned Wisconsin Citizen

# DECLARATION

I, David Steffen, residing at 715 Olive Tree Court, Green Bay, WI 54313, being duly

sworn, declares as follows:

I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit

regarding the Electoral College.

I am a voter in Wisconsin.  I voted in the November 3 presidential general election,

and the Presidential electors should not be counted.  I will be injured as a voter

because my vote and others' votes relating to the November 3, 2020 presidential

election were not properly, legally and/or equally obtained, counted and/or  certified.

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.


Dated: December 14, 2020

David Steffen
State Representative, 4th Assembly District

DECLARATION

I, Jeff L. Mursau, residing at 4 Oak Street, Crivitz, WI 54114, being duly sworn, declares as follows:

I am a plaintiff in the U.S. District Court for the District of Columbia lawsuit regarding the Electoral College.

I am a voter in Wisconsin.  I voted in the November 3, 2020 election for Vice President.  I am also a state legislator in the Wisconsin. I will, therefore, be injured as a voter because my vote and others' votes are not being counted and certified by the state legislature as required by the Constitution.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2020



Jeff L. Mursau
State Representative, 36th Assembly District